UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KAREN CAMERON and SYLVIA
HIGGENBOTTOM,

                                                Plaintiffs,

            - against –

THE CITY OF NEW YORK, CARMEN RAMOS and
ANGEL RIVERA,

                                               Defendants.
----------------------------------------------------------------X

06-CV-7798 (PAC)

## **DEFENDANTS' PRETRIAL MEMORANDUM OF LAW**

MICHAEL A. CARDOZO, CORP. COUNSEL OF THE CITY OF NEW YORK
*Attorneys for Defendants*
THE CITY OF NEW YORK, CARMEN RAMOS and ANGEL RIVERA
100 Church Street
New York, New York 10007
(212) 788-9391
bmyrvold@law.nyc.gov

Of Counsel:

BARRY MYRVOLD
LETICIA SANTIAGO

**PRELIMINARY STATEMENT**

Defendants submit this Pretrial Memorandum of Law to address the issue of immunity for defendants Rivera and Ramos under federal law and for defendants City, Rivera, and Ramos under state common law.

**POINT I**

**QUALIFIED IMMUNITY AVAILABLE TO INDIVIDUAL DEFENDANTS UNDER FEDERAL LAW**

Qualified immunity is an "*immunity from suit* rather than the mere defense to liability" and "is effectively lost if the case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original). The doctrine "is an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001)(quoting Mitchell, 472 U.S. at 526). Therefore, qualified immunity questions should be resolved "at the earliest possible stage of litigation," to satisfy the goal of the doctrine. Saucier, 533 U.S. at 201 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)(per curiam)).

The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It is well settled that police officers, like other government officials performing discretionary functions, are shielded from liability when their conduct does not violate an individual's clearly established constitutional or statutory rights. Warren v. Dwyer, 906 F.2d 70, 74 (2d Cir. 1990). District courts must begin the qualified immunity determination with an analysis of whether, on the facts alleged, the officer's conduct violated a constitutional right. Saucier, 533 U.S. at 201. Assuming, *arguendo*, that the first prong is satisfied, that is, a constitutional violation is established on the facts alleged, "the next, sequential

step is to ask whether the right was clearly established" at the time of the alleged incident.  Id. "A right is clearly established if (1) the law is defined with reasonable certainty, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) 'a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful.'"  Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003)(quoting Young v. County of Fulton, 160 F.3d 899, 903 (2d Cir. 1998).

The question of qualified immunity is independent from the merits of the underlying action and must be examined independent of the underlying constitutional claims.  Washington Square Post No. 1212 v. Maduro, 907 F.2d 1288, 1292 (2d Cir. 1990)(citing Mitchell v. Forsyth, 472 U.S. 511, 527-29 (1985)).  The Second Circuit has recently reiterated that "a defendant is entitled to qualified immunity if either (1) his actions did not violate clearly established law or (2) it was objectively reasonable for him to believe that his actions did not violate clearly established law."  Moore v. Andreno, 505 F.3d 203, 208 (2d Cir. 2007)(citations omitted).  In qualified immunity cases, the focus is not on the "correctness of the defendants' conduct, but rather the 'objective reasonableness' of their chosen course of action given the circumstances confronting them at the scene."  Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995); see also Oliveira v. Mayer, 23 F.3d 642, 649 (2d Cir. 1994)(qualified immunity available to officer "when he reasonably believes that a reasonably prudent police officer would have acted even though a reasonably prudent police officer would not have acted."); Brogdon v. City of New Rochelle, 200 F. Supp. 2d 411, 424 (S.D.N.Y. 2002)("On a motion for summary judgment, the issue is whether a reasonable police officer would have known that what he was doing was clearly illegal based on the facts before him.").

Furthermore, where reasonably competent officials could disagree as to whether the conduct at issue would violate clearly established rights, the immunity defense is available. Malley v. Briggs, 475 U.S. 335, 341 (1986); Cartier v. Lussier, 955 F.2d 841, 846 (2d Cir. 1992). Qualified immunity protects individual defendants from personal liability based solely upon "hindsight judgment that the outcome might have been better if a different strategy had been implemented from the outset." Estate of Rosenbaum by Plotkin v. City of New York, 975 F. Supp. 206, 222 (E.D.N.Y. 1997). The main "concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." Saucier, 533 U.S. at 205. Thus, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." Id. at 202 (citations omitted).

Even at trial, the defense of qualified immunity is applicable. As the Second Circuit has repeatedly stated, the issue of qualified immunity is one for the Court to determine. If there are material issues of fact to be decided in the first instance, they should be resolved by the jury with the qualified immunity issue then capable of resolution by the Court. Finnegan v. Fountain, 915 F.2d 817, 821 (2d Cir. 1990). More recently, in Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007), the Second Circuit made clear that, because qualified immunity is an affirmative defense, it is incumbent on a defendant to plead and adequately develop a qualified immunity defense "so that the trial court can determine which facts *material to the qualified immunity defense must be presented to the jury to determine its applicability once the case has gone to trial."* Zellner, 494 F.3d 344, 368 (emphasis added by Court) (quotation omitted). Thus, if at the end of the evidence, the Court determines that there still are facts material to the resolution of qualified immunity that must be presented to the jury, defendants will offer Special Interrogatories for the jury's consideration during deliberations.

## POINT II

### CITY AND INDIVIDUAL DEFENDANTS ENTITLED
### TO IMMUNITY UNDER STATE LAW

The individual defendants are entitled to even greater immunity under state law. At common law, a governmental employee is immune from suit if he was exercising the discretion and judgment inherent to his or her job. Estate of Yankel Rosenbaum v. City of New York, 982 F. Supp. 894 (E.D.N.Y. 1997). Moreover, under state common law, the municipality is also entitled to interpose an immunity defense. "'[W]hen official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial, a municipal defendant generally is not answerable in damages for the injurious consequences of that action." Mon v. City of New York, 78 N.Y.2d309, 574 N.Y.S.2d 529, 531-32 (1991) (citations omitted). Thus, when officers act utilizing the discretion and judgment that other City officials have determined is appropriate and should be delegated to them, the City is entitled to governmental immunity.

Dated: New York, New York
       September 20, 2010

>Respectfully submitted,
>MICHAEL A. CARDOZO, CORP. COUNSEL OF THE CITY OF NEW YORK
>*Attorneys for Defendants*
>THE CITY OF NEW YORK, CARMEN RAMOS and ANGEL RIVERA
>100 Church Street
>New York, New York 10007
>(212) 788-9391
>bmyrvold@law.nyc.gov
>
>/s/
>_____
>By: Barry Myrvold
>     Leticia Santiago